IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation,<br><br>       *Plaintiff*,<br><br>v.<br><br>Partnerships and Unincorporated Associations<br>Identified on Schedule A<br><br>       *Defendants.* | Case No.<br><br>**VERIFIED REDACTED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ABC Corporation ("Plaintiff"), by and through undersigned counsel, hereby brings this action against the Partnerships and Unincorporated Associations identified on Schedule A ("Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 283, 284, 285, and 289.

2. Plaintiff brings this action to stop Defendants' unauthorized manufacture, importation, distribution, advertising, offering for sale, and sale of products that infringe Plaintiff's United States Design Patent No. █████████████.

3. Defendants are foreign individuals and business entities who operate e-commerce storefronts through Amazon and other online marketplace systems using concealed identities, fictitious business information, and seller aliases to market and sell infringing products directly to consumers throughout the United States, including consumers located in Illinois.

4. Defendants operate online storefronts through which they advertise, offer for sale, and sell accused products alleged to infringe Plaintiff's patented design.

5. Defendants have infringed Plaintiff's patented ornamental design by manufacturing, importing, advertising, offering for sale, selling, and distributing products incorporating designs substantially similar to the ornamental design protected by the ███████

6. Plaintiff seeks injunctive relief, monetary damages, asset restraints, expedited discovery, alternative service, and all other available relief arising from Defendants' unlawful conduct.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 1 et seq.

8. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

9. This Court may properly exercise personal jurisdiction over each Defendant because each Defendant directly targets business activities toward consumers throughout the United States, including Illinois, through fully interactive online storefronts operating on Amazon and related e-commerce platforms.

10. Defendants have purposefully availed themselves of the privilege of conducting business within Illinois and this Judicial District by operating online stores accessible to Illinois consumers, offering shipping to Illinois, accepting payment in U.S. dollars, and offering for sale and selling infringing products to residents of Illinois.

11. Defendants have committed tortious acts within Illinois and have caused substantial injury to Plaintiff within this District.

12. Upon information and belief, none of the Defendants are residents of the United States.

13. Defendants systematically conduct business activities throughout the United States through online marketplace systems and reasonably foresee being haled into court in the United States.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Defendants have committed acts of infringement within this District.

15. Venue is additionally proper pursuant to Federal Rule of Civil Procedure 4(k)(2).

## INTRODUCTION

16. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's patented ornamental design by manufacturing, importing, advertising, offering for sale, selling, and/or distributing unauthorized and unlicensed products that infringe the ███ ███████████████.

17. Plaintiff brings this action to stop Defendants' unlawful infringement activities and to protect consumers from purchasing infringing products that unlawfully appropriate Plaintiff's patented ornamental design.

18. Defendants use online marketplace platforms to market and sell accused products to consumers in the United States.

19. Defendants attempt to avoid liability by operating under one or more seller aliases designed to conceal their true identities, locations, and the full scope and interrelationship of their infringing operations.

20. Plaintiff has been and continues to be irreparably harmed through loss of market share, erosion of patent rights, loss of goodwill, consumer confusion, price erosion, and loss of control over Plaintiff's patented ornamental design.

## THE PARTIES

21. Plaintiff ABC Corporation. is a corporation organized and existing under the ███████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████

22. Plaintiff is engaged in the business of designing, manufacturing, marketing, distributing, promoting, and selling ██████████████████████████████████

23. Plaintiff has invested substantial time, labor, effort, and financial resources into the development, marketing, promotion, and commercialization of products embodying its patented ornamental designs.

24. Defendants are the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A attached hereto.

25. Upon information and belief, Defendants reside and/or operate in foreign jurisdictions.

26. Defendants conduct business through online marketplace storefronts operating under seller aliases identified on Schedule A.

27. Defendants utilize false identities, false contact information, multiple seller aliases, and concealed financial accounts to avoid detection and enforcement.

28. Plaintiff's pre-suit investigation revealed that Defendants frequently utilize false or incomplete business names, fictitious addresses, concealed identities, multiple storefronts, and misleading registration information in connection with their online marketplace

operations in order to evade enforcement efforts and conceal the true scope of their infringing activities.

## PLAINTIFF'S PATENT RIGHTS

29. Plaintiff is the owner of all right, title, and interest in United States Design Patent No. ██████████████████████████████████

30. A true and correct copy of the ████████ is attached hereto as Exhibit A.

31. The ████████ is valid, enforceable, and entitled to a presumption of validity pursuant to 35 U.S.C. § 282.

32. The sole claim of the ████████ recites: ████████████████████████████████ ████████████

33. Plaintiff's patented product embodies the ornamental design claimed in the ████████

34. Plaintiff has continuously used, marketed, promoted, and enforced the patented design embodied in the ████████

35. Plaintiff's products embodying the ████████ are sold and promoted through online marketplace systems accessible to consumers throughout the United States.

36. Plaintiff's patented design has developed substantial goodwill and commercial recognition.

## DEFENDANTS' UNLAWFUL CONDUCT

37. Plaintiff has identified numerous online storefronts operated by Defendants offering for sale products that infringe the ████████

38. Defendants advertise, market, offer for sale, sell, distribute, and import products bearing designs substantially similar to the patented ornamental design claimed in the ████████

39. Plaintiff's investigation revealed that Defendants are operating e-commerce storefronts through Amazon and related online marketplace systems directed to consumers in the United States.

40. Screenshots of representative infringing listings and storefronts are attached to Plaintiff's supporting TRO filings.

41. Defendants' accused products incorporate ornamental features substantially similar to the ornamental design claimed in the ████████.

42. Plaintiff's infringement analysis demonstrates that the accused products are substantially similar to the patented design under the ordinary observer test. Plaintiff's supporting TRO materials and infringement analysis exhibits include side-by-side visual comparisons between the accused products and the claimed design.

43. In the eye of an ordinary observer familiar with the prior art and giving such attention as a purchaser usually gives, Defendants' accused products are substantially the same as the patented design claimed in the ████████.

44. Defendants are intentionally trading upon Plaintiff's patented design, commercial reputation, and goodwill.

45. Defendants have targeted consumers within Illinois and throughout the United States by offering shipping to Illinois, accepting payment in U.S. dollars, and utilizing United States-directed e-commerce systems.

46. Defendants' infringement is causing irreparable harm to Plaintiff, including loss of market share, price erosion, consumer confusion, loss of goodwill, loss of control over Plaintiff's patented design, and reputational harm.

47. Defendants commonly utilize multiple seller aliases and concealed financial accounts in order to evade enforcement efforts.

48. Online marketplace systems permit Defendants to rapidly alter storefronts, transfer assets, remove evidence, and reopen under new identities.

49. Online marketplace systems such as Amazon generally do not require sellers to fully verify their identities or disclose underlying business entities, thereby enabling infringers to create multiple storefronts using false or misleading information while appearing unrelated to one another.

50. As recognized by the United States Department of Homeland Security in its January 2020 Report on Combating Trafficking in Counterfeit and Pirated Goods, the ability to rapidly proliferate third-party online marketplace accounts significantly complicates intellectual property enforcement efforts because infringers can quickly reopen storefronts under new aliases after enforcement actions are initiated.

51. Online marketplace systems further create substantial obstacles for intellectual property owners attempting to identify infringers because sellers frequently utilize false business names, false addresses, concealed ownership structures, and multiple financial accounts.

52. Such marketplace structures permit infringers to rapidly transfer assets, remove evidence, migrate storefronts, and continue infringing activities even after notice, takedown requests, or enforcement proceedings.

53. Plaintiff's enforcement efforts are further complicated by the ability of online marketplace sellers to utilize multiple financial accounts, offshore payment systems, and concealed ownership structures.

54. Upon information and belief, Defendants maintain or have access to offshore financial accounts and regularly transfer funds outside the jurisdiction of this Court in order to avoid payment of judgments and frustrate enforcement efforts.

55. Upon information and belief, Defendants and similarly situated online marketplace operators commonly utilize multiple payment processor accounts, offshore financial channels, and rapidly transferable digital storefront infrastructure in order to continue infringing activities after enforcement efforts are initiated and to frustrate collection efforts arising from intellectual property litigation.

56. Upon information and belief, Defendants will likely conceal or transfer assets and destroy evidence upon receiving notice of this action.

57. Defendants' activities are causing ongoing and irreparable harm that cannot be fully remedied through monetary damages alone.

58. Plaintiff has no adequate remedy at law.

**JOINDER OF DEFENDANTS**

59. Defendants are properly joined in this action pursuant to Federal Rule of Civil Procedure 20(a)(2) and 35 U.S.C. § 299.

60. Generally, defendants may be joined in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2).

61. Joinder in patent actions is further governed by 35 U.S.C. § 299, which permits joinder where: (1) relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for

sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action.

62. Defendants are properly joined in this action because Plaintiff's claims arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the manufacture, importation, advertising, offering for sale, and sale of the same or substantially similar accused products that infringe the patented design claimed in the ██████ ██████

63. Defendants are alleged to offer for sale substantially similar accused products alleged to infringe the same patented design.

64. Proceeding in a single action promotes efficiency because the claims involve common questions concerning the same patent, similar accused products, and substantially overlapping factual and legal issues.

65. Common questions of law and fact will arise in this action, including issues concerning ownership, validity, enforceability, infringement, application of the ordinary observer test, operation of Defendants' online storefronts, and Plaintiff's entitlement to injunctive and monetary relief.

66. Joinder promotes judicial economy, conserves judicial resources, avoids inconsistent rulings, and prevents duplicative litigation involving substantially overlapping factual and legal issues.

67. Plaintiff alleges that Defendants engage in the advertisement, offering for sale, and sale of accused products through online marketplace storefronts directed to consumers in the United States.

**COUNT I**
**PATENT INFRINGEMENT**
**35 U.S.C. §§ 271 and 289**

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69. Defendants, jointly and severally, have knowingly and willfully manufactured, advertised, distributed, offered for sale, sold, and/or imported into the United States accused products infringing the ███████ through coordinated online marketplace activities.

70. Defendants have infringed and continue to infringe the ███████ by making, using, offering for sale, selling, advertising, distributing, and/or importing into the United States products embodying the patented design or colorable imitations thereof.

71. Defendants have applied the patented design, or colorable imitations thereof, to articles of manufacture for purposes of sale.

72. Defendants have sold and/or offered for sale articles of manufacture to which the patented design or colorable imitations thereof have been applied.

73. Defendants' actions violate 35 U.S.C. §§ 271 and 289.

74. In the eye of the ordinary observer familiar with the prior art, the accused products are substantially the same as the patented design claimed in the ███████

75. Defendants do not possess any authorization, consent, or license from Plaintiff to manufacture, import, advertise, distribute, offer for sale, or sell the accused products.

76. Defendants' infringement has caused and continues to cause Plaintiff substantial damages.

77. Plaintiff has suffered irreparable harm as a direct and proximate result of Defendants' infringement.

78. Defendants' infringement has caused Plaintiff to suffer irreparable harm resulting from the loss of Plaintiff's lawful patent rights to exclude others from making, using, offering for sale, selling, and importing products embodying the patented design claimed in the █████ ██████

79. Defendants' infringement has deprived Plaintiff of its lawful right to exclude others from practicing the patented design.

80. Defendants' infringement has caused loss of sales, loss of market share, loss of goodwill, price erosion, reputational injury, and consumer confusion.

81. Defendants' conduct has been willful, deliberate, intentional, and in conscious disregard of Plaintiff's rights.

82. This is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recovery of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A. Adjudging that Defendants have infringed the █████████

B. Entering a temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, affiliates, successors, assigns, and all persons acting in concert or participation with them from manufacturing, importing, advertising, promoting, distributing, offering for sale, or selling products infringing the █████████

C. Ordering Defendants and all financial institutions, payment processors, and online marketplace platforms to cease facilitating Defendants' infringing activities;

D.  Ordering online marketplace platforms, payment processors, banks, merchant account providers, and financial institutions associated with Defendants to identify and restrain accounts associated with Defendants and their infringing activities;

E.  Ordering an accounting of all profits realized by Defendants from their infringing conduct;

F.  Awarding Plaintiff damages adequate to compensate Plaintiff for Defendants' infringement pursuant to 35 U.S.C. §§ 284 and 289;

G.  Awarding treble damages where appropriate;

H.  Awarding Plaintiff attorneys' fees and costs pursuant to 35 U.S.C. § 285;

I.  Awarding pre-judgment and post-judgment interest;

J.  Awarding Plaintiff equitable relief for unjust enrichment;

K.  Ordering expedited discovery;

L.  Authorizing alternative electronic service;

M.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 11, 2026

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email: nkaushik@kaushiklex.com
*Counsel for Plaintiff*